G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA  91436
T: (818) 907-2030; F: (818) 205-2730
tom@pricelawgroup.com

Attorneys for Plaintiff,
TYESHA STEVENSON



E-filing

ADR

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYESHA STEVENSON<br><br>        Plaintiff,<br><br>    vs.<br><br>MERCHANT'S CREDIT GUIDE COMPANY; and DOES 1 to 10, inclusive,<br><br>        Defendants. | Case No.: **C12-03343 NC**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>**Demand Does Not Exceed $10,000** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff, Tyesha Stevenson, an individual consumer, against Defendant, Merchants' Credit Guide Company ("Merchants' Credit Guide"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil

Code § 1788 *et seq.* ("RFDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337 and 1367. Declaratory relie f is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and Defendant's collection communications were received by Plaintiff here.

## III. PARTIES

3. Plaintiff, Tyesha Stevenson, is a natural person with a permanent residence in, Oakland, Alameda County, California 94609. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

4. Upon information and belief the Defendant, Merchants' Credit Guide, is a national collector of consumer debt commercial debt collection agency engaged in the business of collecting debt in this state and in several other states, with its headquarters at 223 West Jackson Blvd, Suite 400, Chicago, Illinois 60606. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. As such, it qualifies as "debt," as defined by 15 U.S.C. § 1692a(5) and "consumer debt," as defined by Cal. Civ. Code § 1788.2(f).

7. Within one (1) year preceding the date of this Complaint, Defendant has called Plaintiff several times in an attempt to collect on an alleged debt.

8. Defendant calls Plaintiff from phone number 888-249-3812.

9. Defendant calls Plaintiff and fails to leave voice messages, thus failing to meaningfully identify itself to Plaintiff.

10. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

## V. FIRST CLAIM FOR RELIEF

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

12. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

13. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692d(5)* of the FDCPA by calling the Plaintiff frequently and thus causing her phone to ring repeatedly; and

(b) Defendant violated *§1692d(6)* of the FDCPA by calling the Plaintiff and hanging up before Defendant could identify himself on Plaintiff's voicemail.

## VI. SECOND CLAIM FOR RELIEF

**(Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.*)**

14. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

15. Defendants violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *Cal. Civ. Code §1788.11b* of the RFDCPA by calling the Plaintiff from a blocked number and hanging up before Defendant could identify himself;

(b) Defendant violated *Cal. Civ. Code §1788.11d* of the RFDCPA by calling the Plaintiff and thus causing her phone to ring repeatedly;

(c) Defendant violated *Cal. Civ. Code §1788.11e* of the RFDCPA by calling the Plaintiff with such frequency as to be unreasonable, thus constituting a harassment; and

(d) Defendant violated *Cal. Civ. Code §1788.17* of the RFDCPA by failing to comply with *§ 1692 et seq.* of the FDCPA, as noted above.

16. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

17. As a result of the foregoing violations of the FDCPA and RFDCPA, Defendant is liable to the Plaintiff, Tyesha Stevenson, for declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Merchants' Credit Guide, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30;

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30;

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.  For such other and further relief as the Court may deem just and proper.

## VII.  DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Tyesha Stevenson, demands trial by jury in this action.

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

DATED: June 22, 2012     By: _____
G. Thomas Martin, III
Attorney for Plaintiff